IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOEL J. CABALA,<br><br>                    Plaintiff,<br><br>v.<br><br>BENJAMIN MORRIS<br><br>                    Defendant. | Civil Action No.<br>3:09-cv-00651 (VLB)<br><br><br>MOTION TO REFER PLAINTIFF'S FEE APPLICATION TO MAGISTRATE |

      Pursuant to Federal Rules of Civil Procedure 54(d)(2)(D) and 72(b), the defendant, Benjamin Morris (the "Defendant"), through his undersigned counsel, hereby moves this Court to refer Plaintiff's Fee Application to a Magistrate Judge for an evidentiary hearing. Defendant requests the evidentiary hearing in the interest of due process and to preserve all issue relative to the Fee Application on the record.

      More specifically, Defendant intends to object to the Fee Application and present evidence in support of said objection based upon the fact that the overwhelming majority of the attorney's fees sought in the Fee Application were incurred subsequent to Defendant's repeated offers to settle the matter for maximum statutory damages (where there are admittedly no actual damages) as well as attorney fees and costs.

      Moreover, the defendant has serious misgivings that Defendant's repeated offers to settle were not presented to the plaintiff and this action was prosecuted

solely for purposes of increasing and recovering attorney's fees. The fact that the plaintiff summarily rejected Defendant's offers to settle this action at its inception for the maximum recoverable damage amount as well as all attorney fees and costs, as well as at other times throughout this proceeding, raises, <u>inter alia,</u> two issues relative to the Fee Application: (1) are the fees incurred by the plaintiff subsequent to the settlement offer "reasonable" under the Fair Debt Collection Practices Act; and (2) whether the continued prosecution of this case following the aforementioned settlement offers was the prosecution of an action solely for purposes of incurring and collecting attorney fees – which is contrary to the law and ethical standards.[1]

---

[1] The Connecticut District Court has held that an offer to settle a case for all that a plaintiff could recover if his or her claim were fully litigated renders the case no longer justiciable, and, consequently, any award of attorneys' fees in a FDCPA action improper. "[W]e hold that, having been offered the maximum amount of damages, which she was entitled to recover under the FDCPA, plus reasonable attorney's fees and costs, plaintiff no longer has a personal stake in the outcome of the litigation… Congress included a fee award for prevailing plaintiffs in the FDCPA, like other consumer protection statutes, to encourage able counsel to undertake FDCPA cases. But, as the Sixth Circuit held in <u>Lee [v. Thomas, 109 F.3d 302(6th Cir. 1977)</u>], able counsel should aspire to achieve their client's objectives economically, and counsel should not expect to reap financial rewards for prolonging litigation unnecessarily." " <u>Murphy v. Equifax Check Services, Inc.,</u> 35 F. Supp. 200, 203-04, 1999 (Goettel, J.)

Defendant further wishes to introduce evidence that plaintiff's counsel continually and repeatedly refused to provide copies of her fee invoices or other documents reflecting the amount of attorney's fees claimed at various times in the proceedings, or even to identify the amount of attorney's fees incurred, not withstanding that the action was prosecuted for the sole purpose of collecting those attorney fees that were increasing exponentially, thus further undermining the purported reasonableness of the fees.

Moreover, Defendant wishes to introduce evidence relating to any fee agreement between plaintiff and plaintiff's counsel on the basis of the propriety of said agreement, and whether any such agreement further undermines the reasonableness of the attorney's fees sought.

In order to properly present this objection and the evidence in support therewith, Defendant requests that an evidentiary hearing be scheduled and conducted on the Fee Application and Defendants response/objection thereto.

WHEREFORE, Defendant respectfully requests that the Plaintiff's Fee Application be referred to a Magistrate Judge for an evidentiary hearing.

Dated: October 1, 2010                              Respectfully submitted,

                                               LAW OFFICES OF DAVID RUBIN

                                  By:  /s/ David W. Rubin
                                           DAVID RUBIN, ESQUIRE (ct-10169)
                                           600 Summer Street, Suite 201
                                           Stamford, CT 06901
                                           Telephone:   (203) 353-1404
                                           Facsimile:   (203) 257-7208

                                           ANDREW J. SOLTES, JR. (ct-26963)
                                           LAW OFFICES OF DAVID W. RUBIN
                                           600 SUMMER STREET, SUITE 201
                                           STAMFORD, CT 06901
                                           TELEPHONE:  (203) 353-1404
                                           FACSIMILE:   (203) 257-7208

                                           ATTORNEY FOR DEFENDANT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOEL J. CABALA<br><br>                Plaintiff,<br><br>v.<br><br>BENJAMIN MORRIS<br><br>                Defendant. | Civil Action No.<br>3:09-cv-00651 (VLB) |

## CERTIFICATION

This is to certify that on October 1, 2010, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                            /s/ David W. Rubin
                                            DAVID RUBIN, ESQUIRE