UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOEL J. CABALA

v.                                            CASE NO.  3:09CV 651 (VLB)

BENJAMIN MORRIS                               October 18, 2010

### REPLY IN SUPPORT OF PLAINTIFF'S FEE APPLICATION

Plaintiff applied for an award of fees and costs against defendant in the sum of $21,665 fees and $869.82 costs. Defendant does not oppose plaintiff's hourly rate or the costs. He makes a conclusory and unsubstantiated claim that too much time was spent on this matter (Def. Mem. at 20, Doc. No. 62), but waives that issue by not even briefing it.   He suggests only that $577.50 should be deducted as unsuccessful. The time represents efforts to preclude what would have been a useless and expensive deposition for both sides. However, the withdrawn motion was successful, in that the deposition was never held (Doc. Nos.  45, 60); thus, ironically, plaintiff's fee application is significantly *less* than it otherwise would have been.

Defendant does not claim that his own attorney spent less time. Def. Ex 12, 13.[i] He has not sustained any burden of proof as to the fee application, a burden specifically called to his attention in plaintiff's fee application, Doc. No. 57-1 at 10.

Defendant's opposition is almost exclusively based on an argument that informal settlement negotiations should cause a reduction in fees. Def. Mem. 1-19. The argument is without merit, both legally and factually.

**Factually**, defendant has presented no documentation, by way of affidavit or in the twelve exhibits to his opposition, that he made **any** settlement offer in this case. His pivotal exhibit, Doc. No. 62-2, is a June 25, 2009, letter offering to pay a total of $1,000 for this defendant *and* nonparty CUDA – two for the price of one. Understandably, he omits plaintiff's reply of June 30, 2009, reflected in her fee application, offering to stipulate to judgment of $1,001, and her follow-up email of July 6, 2009, with proposed stipulation appended. Both are attached.

As of June 30, 2009, defendant had it completely within his power to stop all fees in this matter, which he now admits might have been much cheaper. Doc. No. 62 at 5.[1]

Defendant claims he had "no choice" other than to continue the litigation or pay fees "in a vacuum." Doc. No. 62 at 3, 18. The claim is specious; defendant had several contemporaneous choices to stop incurring fees on both sides. First, he could have made an offer of judgment with fees to be decided by the Court. If accepted, judgment would have entered. But defendant did not want a judgment. Doc. No. 62-3. Second, upon making an unaccepted full offer of judgment, he could have moved to dismiss for lack of jurisdiction. Judgment would then have entered in favor of plaintiff. **McCauley v. Trans Union**, 402 F.3d 340 (2d Cir. 2005). Third, even with an informal offer, had one been made, he could have immediately moved to dismiss for lack of

---

1 **Defendant's complaint that plaintiff's initial offer was "inflated" does not take into account the time and effort involved in negotiating releases and closing papers.**

2

jurisdiction, as he is plainly aware. Def. Mem. at 2, 12-16. Fourth, he could have made a global offer based on the statutory damages plus a "guesstimate" of the fees based on his own time expended, a common course of action of FDCPA defense counsel. He cannot wait until the end of the case, and only then raise the question of whether he had ever offered the full amount to which plaintiff was entitled.

By not taking appropriate steps contemporaneously with his June 25, 2009 offer of "two for the price of one," defendant waived the argument and accepted the consequences (assumed the risk) that he would be exposed to paying plaintiff's fees. <u>Perez v. Perkiss</u>, 742 F. Supp. 883, 890 (D. Del. 1990) (FDCPA case, rejecting the same "motivated-by-fees" argument made here: "[N]o matter how high the settlement offers urged by the plaintiff may have been, those offers were still for significantly less money than the total sum the plaintiff, as the prevailing party, is now entitled to recover").[2]

<u>Legally,</u> even if he had made an offer, there is no legal basis for reduction of fees. <u>Ortiz v. Regan</u>, 980 F.2d 138, 140-141 (2d Cir. 1992) ("Regan could have made a formal offer of judgment pursuant to Rule 68 but chose not to use this procedure. Absent a showing of bad faith, "a party's declining settlement offers should [not] operate to reduce an otherwise appropriate fee award"), cited with approval in <u>Raishevich v. Foster,</u> 247 F.3d 337, 347 (2d Cir. 2001). See <u>Cowan v. Prudential Ins. Co</u>., 728 F. Supp. 87, 92 (D. Conn. 1990) ("The very existence of Rule 68, with its precise requirements, creates a

---

2 **Plaintiff further analyzes defendant's exhibits below.**

negative implication as to offers of settlement that do not comply with its terms") (Winter, J., sitting by designation), rev'd on other grounds, 935 F.2d 522 (2d Cir. 1991); <u>Knoeffler v. Town of Mamakating,</u> 126 F. Supp. 2d 305, 315 (S.D.N.Y. 2000) ("[D]efendant's oral offer to engage in settlement discussions does not rise to an offer of judgment pursuant to Rule 68. A downward adjustment of the fee award on this account will not be made"). The Fourth Circuit, in <u>Clark v. Sims</u>, 28 F.3d 420, 424) (4th Cir. 1984), the Seventh Circuit, in <u>Grosvenor v. Brienen</u>, 801 F.2d 944, 948-49 (7th Cir. 1986), and the Tenth Circuit in <u>Cooper v. State of Utah,</u> 894 F.2d 1169, 1172) (10th Cir. 1990) have also stated that a district court may not reduce fees in reliance on a plaintiff's rejection of an informal settlement offer.

**<u>Defendant's exhibits do not support his posture.</u>** Defendant could, and should, have avoided fees, both his own and plaintiff's, by accepting plaintiff's counter offer of June 30, 2009. His self-selected exhibits are thus irrelevant. Moreover, they do not show either "repeated" offers or rejections by plaintiff.

Ex 62-1, plaintiff's offer to settle for $3,350. Even if he made or accepted an offer of judgment with the Court to decide fees, the upshot would have been more than the $3,350. Indeed, this defendant accepted that offer in Mr. Cabala's second case, Civil No. 3:10cv 378 (CSH), and also in <u>Mangano v. Morris</u>, Civil No. 3:10cv 377 (WWE).

Ex. 62-2, discussed above, is defendant's offer to settle for himself and a nonparty – to which plaintiff responded by offering to settle for this defendant alone, per the attached emails omitted from defendant's discussion.

4

**Ex. 63-3 to which plaintiff responded in 63-4. Defendant would be agreeable to $1,001, but wants the Court to decide fees without a judgment. Contra, 15 U.S.C. § 1692k(a)(3) (fees IF "successful action"); See <u>Pigeaud v. McLaren</u>, 699 F.2d 401, 402 (7th Cir. 1983) (holding that plaintiff cannot be considered a prevailing party because the offer of judgment specified that nothing therein "shall be construed as an admission of liability"); <u>Fisher v. Kelly</u>, 105 F.3d 350, 353-54 (7th Cir. 1997) (settlement does not render plaintiff a prevailing party for the purpose of a fee application).**

**Ex. 63-4, plaintiff explains that he needs an enforceable judgment both for the Court to be able to award fees, and to make the award enforceable.**

**Ex. 63-5 and 62-6, defendant wants to see fee run, and wants settlement with no admission of liability.**

**Ex. 62-7, at 6-7, submitted to show that plaintiff would not disclose his retainer or fee run. Plaintiff's retainer is irrelevant in a fee shifting case. <u>Blanchard v. Bergeron</u>, 489 U.S. 87, 93 (1989) ("As we see it, a contingent-fee contact does not impose an automatic ceiling on an award of attorney's fees, and to hold otherwise would be inconsistent with the statute and its policy and purpose."); <u>Venegas v. Mitchell</u>, 495 U.S. 82, 92 1679 (1990) ("In sum, §1988 controls what the losing defendant must pay, not what the prevailing plaintiff must pay his lawyer. What a plaintiff may be bound to pay and what an attorney is free to collect under a fee agreement are not necessarily measured by the 'reasonable attorney's fee' that a defendant must pay pursuant to a court order."); City of <u>Burlington v. Dague</u>, 505 U.S. 557, 562-63, 566 (1992) (case law**

construing what is a "reasonable" fee applies to all federal fee-shifting statutes; risk of loss in contingent fee cases is reflected in higher lodestar and higher hourly rate; lodestar model generally results "in a larger fee award than the contingent-fee model"); <u>Amherst Leasing Corp. v. Emhart Corp</u>., 65 F.R.D. 121, 126 (D. Conn. 1974) (motion to compel fee agreement denied<u>): Piazza v. First Am. Title Ins. Co</u>., 2007 U.S. Dist. LEXIS 89319, 4-5 (D. Conn. 2007) (same).

In addition, the fee run shows privileged work product and is continually updated. It was clearly premature. Fed. R. Civ. P. 54.

Ex. 62-8, self serving and inaccurate statement of plaintiff's position. Plaintiff was willing to submit the fees to the magistrate judge on condition that there be an enforceable judgment, as above. Defendant did not want to agree to anything enforceable. We *now* have that judgment and are willing to submit the fee application to the magistrate judge. Doc. No. 63.

Ex 62-9 to 62-13: requests for fee run to make settlement offer or offer of judgment. Plaintiff provided an attractive compromise figure for fees, $15,000, less than had been incurred. Ex. 62-14. Defendant made his only offer of judgment thereafter, including fees *and* costs of $2,500, attached.

## CONCLUSION

Plaintiff submits that the fee application is modest in time expended and amount requested. He respectfully submits that it should be awarded as requested. Since plaintiff underestimated the time for reply, he respectfully requests an additional $1,700 in fees, for almost five additional hours.

          THE PLAINTIFF

          BY____/s/ Joanne S. Faulkner___
            JOANNE S. FAULKNER ct04137
          123 Avon Street
          New Haven, CT 06511-2422
          (203) 772-0395
          j.faulkner@snet.net

---

[i] Defense fees often reveal the reasonableness of plaintiff's fees. See, e.g. <u>Taylor v. Scarborough</u>, 66 F.2d 589, 591 (2d Cir. 1933); <u>Chambless v. Masters, Mates & Pilots Pension Plan</u>, 885 F.2d 1053, 1059 (2d Cir. 1989); <u>Serricchio v. Wachovia Sec., LLC</u>, 258 F.R.D. 43 (D. Conn. 2009).

**Certificate of Service**

I hereby certify that on October 18, 2010, a copy of within was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

          ____/s/ Joanne S. Faulkner___

**Subject:** Cabala v Morris
**From:** Joanne Faulkner <j.faulkner@snet.net>
**Date:** Tue, 30 Jun 2009 10:09:06 -0400
**To:** ajsoltes@dwr-law.com, drubin@dwr-law.com

I presume your not filing an answer was intentional so as to get us to closure faster.
Accordingly I have filed a default motion.
If you will send me a stip for judgment of $1,001, I will file a fee application.
Note, there is no "statutory fine." The FDCPA is "additional damages" which is why the usual stip in this circumstance is $1,001

Of course if you want to open and litigate, you can do that too.

--
Joanne S. Faulkner, Attorney
123 Avon Street
New Haven CT 06511
(203) 772-0395
j.faulkner@snet.net
faulknerctlaw@gmail.com

**Subject:** cabala morris stip.rtf
**From:** Joanne Faulkner <j.faulkner@snet.net>
**Date:** Mon, 06 Jul 2009 14:27:29 -0400
**To:** drubin@dwr-law.com; ajsoltes@dwr-law.com

I have not yet received a stip from you. Attached is my proposal. Pls fill in your signature block and return to me for filing.

--
Joanne S. Faulkner, Attorney
123 Avon Street
New Haven CT 06511
(203) 772-0395
j.faulkner@snet.net
faulknerctlaw@gmail.com

| cabala morris stip.rtf | **Content-Type:** application/msword |
|---|---|
| | **Content-Encoding:** base64 |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOEL J. CABALA | |
| Plaintiff, | Civil Action No. 3:09-cv-00651 (VLB) |
| v. | |
| BENJAMIN MORRIS | |
| Defendant. | OFFER OF JUDGMENT |

Defendant Benjamin Morris, through his undersigned counsel, hereby makes an offer of judgment to plaintiff Joel Cabala in the above-referenced matter in the amount of $3,500.00, (damages statutory and/or actual: $1,000.00 and attorney's fees and costs $2,500.00).

Dated at Stamford, Connecticut
this 8th day of July, 2010.

BY: _____
DAVID RUBIN, ESQUIRE
600 Summer Street, Suite 201
Stamford, CT 06901
Telephone: (203) 353-1404
Facsimile: (203) 257-7208
Fed. Bar. No. ct-10169
Attorney for defendant